# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **CLAUDIA LORZA MARITZA,** ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | Case No. 7:24-cv-00145-ACA- |
| ] | HNJ |
| **WARDEN NEELY,** ] | |
| ] | |
| Respondent. ] | |

## MEMORANDUM OPINION

The magistrate judge entered a report recommending that the court deny Petitioner Claudia Lorza Maritza's *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus. (Doc. 9). In her petition, Ms. Maritza challenges the Bureau of Prisons's refusal to apply First Step Act time credits toward her sentence. (Doc. 1 at 6–7). Specifically, Ms. Maritza asserts that she was not the subject of a final order of removal because she never saw an immigration judge and has not exhausted her appeals. (Doc. 1 at 6; *see also* doc. 9 at 3).

The magistrate judge found that Ms. Maritza was the subject of a final order of removal because she was served with a final order of removal in February 2024, and the Immigration and Nationality Act, 8 U.S.C. § 1228(b), permits the Attorney General to "issue an order of removal [to an alien convicted of an aggravated felony] pursuant to [expedited] procedures" that do not include a hearing before an

immigration judge or the exhaustion of appeals. 8 U.S.C. § 1228(b); (*see* doc. 9 at 6); *see also Francis v. U.S. Atty. Gen.*, 603 F. App'x 908, 912 (11th Cir. 2015) ("[E]xpedited removal proceedings do not involve a hearing before an [i]mmigration [j]udge.").[1] The magistrate judge explained that 18 U.S.C. § 3632(d)(4)(E)(i) and 28 C.F.R. § 523.44 preclude Ms. Maritza from receiving First Step Act time credits, so he recommended denying her habeas petition. (Doc. 9 at 6–8).

The court received a letter from Ms. Maritza after the period to object to the report and recommendation expired.[2] (Doc. 10 at 1). The letter does not object to the magistrate judge's findings that Ms. Maritza was the subject of a final order of removal or that she is not entitled to First Step Act time credits. (*See generally id.*). Ms. Maritza instead refers to the statutory requirement that removal of an individual served with a final order must occur within ninety days of service and suggests that because all laws are not being followed, this court should allow her to receive First Step Act time credits. (*Id.* at 1) (citing 8 U.S.C. § 1231(a)(1)(A)).

---

[1] Although *Francis* is an unpublished opinion, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

[2] The magistrate judge entered his report and recommendation on January 13, 2025 (doc. 9 at 1), making Ms. Maritza's objections due January 27, 2025 (*see id.* at 8). But the court did not receive her letter until February 14, 2025. (Doc. 10 at 1). The court cannot determine when Ms. Maritza mailed her letter because she dated it January 7, 2025, which predates the report and recommendation by nearly one week. (*Id.*). Regardless of the letter's timeliness, the court considers its substance in this opinion.

The court rejects Ms. Maritza's suggestion. And, to the extent Ms. Maritza's letter is intended as an objection, the court **OVERRULES** it. The statute to which Ms. Maritza refers begins with an exception and then states its requirements. 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, . . . ."). The requirement that an individual served with a final order be removed within ninety days applies except where an alien "is sentenced to imprisonment." *Id.* § 1231(a)(4)(A). In that case, removal occurs when the alien "is released from imprisonment," subject to certain exceptions that "*authorize*," but still do not *require*, premature removal. 8 U.S.C. § 1231(a)(4)(A)–(B) (emphasis added). Thus, the Immigration and Nationality Act actually prohibits, or at the very most merely authorizes, Ms. Maritza's removal from the United States prior to the expiration of her federal sentence. *See Nielson v. Preap*, 586 U.S. 392, 414 (2019) (plurality opinion) (stating in dicta that § 1231(a)(4)(A) "prevents officials from actually removing an alien from the country until the alien is released from imprisonment") (quotation marks omitted).[3]

Having carefully considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation (doc. 9) and

---

[3] *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) (recognizing that "there is dicta and then there is dicta, and then there is Supreme Court dicta," which is "not something to be lightly cast aside") (quotation marks omitted).

Ms. Maritza's response (doc. 10), the court **ADOPTS** the report and **ACCEPTS** the recommendation. Accordingly, the court **WILL DENY** Ms. Maritza's § 2241 habeas petition.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this March 17, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE